# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-5-TLS |
| | ) | |
| SHEILA ROBINSON | ) | |

**OPINION AND ORDER**

The Defendant, Sheila Robinson, pled guilty to making a false claim in violation of 18 U.S.C. § 287. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 15, and her criminal history category is I, resulting in a guideline calculation of 18–24 months of imprisonment.

On August 10, 2015, the Defendant filed a sealed Sentencing Memorandum [ECF No. 64] requesting a variance pursuant to 18 U.S.C. § 3553(a). The Defendant requests a downward variance of four levels, resulting in a total offense level of 11 and a guideline range of 8–14 months. A four-level variance would also place the Defendant in Zone B of the Sentencing Table, making her eligible for probation. The Defendant asks to be sentenced to 8 months of home detention and 1 year of probation. On August 24, 2015, the Government filed a sealed Response [ECF No. 68] deferring to the Court's discretion as to the appropriate sentence, but asking that if the Court grants the Defendant's request for probation, that the Court sentence the Defendant to 5 years of probation. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's request for a downward variance.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id*.

Here, neither party contests the guideline calculations pursuant to the PSR. The Guidelines assign 16 levels as the base offense level for the Defendant's offense. U.S.S.G. §2T1.1(a) and §2T4.1(F). The probation officer added 2 levels because the Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity. §2T1.1(b)(1), resulting in an adjusted offense level of 18. The adjusted offense level was lowered by 3 levels for acceptance of responsibility and for assisting authorities in the investigation or prosecution of the Defendant's own misconduct, § 3E1.1(a–b), resulting in a total offense level of 15. Combining this offense level with the Defendant's criminal history category of I results in a guideline range of 18–24 months of imprisonment.

**A.     § 3553(a) Request for a Downward Variance**

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). "[A] district court can vary categorically from every guideline, including the career offender guidelines." *United States v. Redmond*, 667 F.3d 863, 876 (7th Cir. 2012) (citing *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010)).

The Defendant argues that her background and personal characteristics justify a four-level variance from the applicable guideline range. In her sealed Motion, the Defendant provides a detailed description of her personal history, including her childhood experiences and health-related issues. Upon consideration of the above § 3553(a) factors, the Court finds that the Defendant's request for a four-level downward variance is well-taken. Given the history and characteristics of the Defendant, the Court finds that a guideline range of 8–14 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far, and on the factors highlighted

by the Defendant and the Government. The Court has not yet heard from the Defendant, and she may wish to make a statement on her own behalf in mitigation of punishment. Indeed, she is entitled to make such a statement. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). Therefore, the Court reserves a determination of the appropriate term of imprisonment until after the Defendant has had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's request for a four-level variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing and after providing the Defendant an opportunity to address the Court. The sentencing hearing scheduled for September 9, 2015, at 11:00 AM, is CONFIRMED.

SO ORDERED on September 2, 2015.

       s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT